W. Power Maloney and Dorothy C. Maloney, Husband and Wife, Petitioners v. Commissioner.
Maloney v. Commissioner
Docket No. 68482.
United States Tax Court
T.C. Memo 1960-46; 1960 Tax Ct. Memo LEXIS 244; 19 T.C.M. (CCH) 224; T.C.M. (RIA) 60046; March 22, 1960
*244 W. Power Maloney, Esq., 200 East End Avenue, New York, N. Y., pro se. Colin C. MacDonald, Jr., Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies in petitioners' income taxes and additions to tax for the taxable years 1949, 1951, 1952 and 1953, as follows: Additions to tax -
I.R.C. 1939
Section
Section
Taxable Year
Income Tax
Section
Section
294(d)(1)(a)
294(d)(2)
291(a)
293(b)
1949
$2,244.12
$611.03
$1,929.88
None
$213.58
1951
1,104.84
276.21
1,041.95
None
110.03
1952
2,863.70
707.28
5,643.05
$1,015.74
677.17
1953
1,293.88
323.47
2,509.16
451.65
301.10 A number of issues are raised in the petition, but at the hearing no evidence was introduced by petitioner as to the deficiencies in tax, nor as to the deficiencies in additions to tax, with the exception of section 293(b). Some of the facts have been stipulated. Findings of Fact The stipulated facts are hereby found. Petitioners, W. Power Maloney and Dorothy C. Maloney, are husband and wife now residing at 750 Park Avenue, New York City, New York. *245 Petitioner, W. Power Maloney, hereafter called petitioner, is a graduate of Fordham University Law School and was admitted to the practice of law before the courts of the State of New York in 1926. Since that date he has been in the active practice of his profession, law. From 1934 to 1940, petitioner was an assistant United States attorney in the southern district of New York, and resigned that position to become senior trial counselor for the Securities and Exchange Commission, Washington, D. C., in which position he remained for about 1 year. In 1941, he became a special assistant to the Attorney General in the Department of Justice, Washington, D. C., being assigned as a trial counsel in the trial section of that office and, ultimately, became chief of the trial section. While in his capacity as special assistant to the Attorney General, petitioner engaged in trial work throughout the country. In 1946, he left government service and became a partner in the firm of Dorf and Levy, attorneys at law, 8 West 40th Street, New York, New York. Petitioner has been admitted to practice before the Tax Court of the United States since 1930. The firm of Dorf and Levy during the years 1949 *246 through 1953 was a partnership of lawyers which kept its books and records and filed its partnership returns on a February 1st to January 31st fiscal year basis. Dorf and Levy filed timely partnership returns of income for all fiscal years 1949 through 1954, setting forth therein the distributive share of each of its partners. The partnership returns of Dorf and Levy were prepared from the books and records by Max Dorf who, upon completion of his computations of the partnership income in each of the years 1949 through 1953, informed each partner of his distributive share of the partnership income and of the fact that it was included in the partnership return. Each of the partners of the firm of Dorf and Levy maintained a drawing account against his distributive share of the partnership earnings and each of the partners was allowed to draw sums through his drawing account against his distributive share. At the end of the partnership fiscal year the earnings of the partnership were determined and the shares of each of the partners distributed after adjustment with the drawing accounts. For the taxable years set forth below, petitioner earned income in the practice of law and including *247 his partnership share from Dorf and Levy, properly includible in his income tax returns for such years, in the following amounts: Year
Income Earned
1949
$27,250.00
1951
21,315.57
1952
44,820.28
1953
27,027.49
Petitioners filed an estimated tax return for the taxable year 1949 with the district director of internal revenue, Upper Manhattan, New York, on March 15, 1949, making an initial quarterly payment of $100. Subsequent quarterly payments were made as follows: June 22, 1949
$100
Sept. 21, 1949
100
Jan. 30, 1950
300 Petitioner's correct income tax due for the taxable year 1949 was $3,859.76 and, petitioners, on their estimated tax return, substantially underestimated their income tax due for that year. Petitioners filed an estimated tax return for the taxable year 1951 with the district director of internal revenue, Upper Manhattan, New York, on March 15, 1951, making an initial payment therewith of $250. No further estimated tax payments were made by petitioners for that year. Petitioner's correct income tax due for the taxable year 1951 was $2,083.90 and, petitioners, on their estimated tax return, substantially underestimated *248 their income tax due for that year. Petitioners failed to file estimated tax returns for the taxable years 1952 and 1953. In each of the years 1952 and 1953 and prior to the time estimated tax returns for such years were due to be filed, petitioner was informed of the amount of his share of the distributable net income of Dorf and Levy that would be includible in his income for those years. Petitioners' failure to file estimated tax returns for the taxable years 1952 and 1953 was due to willful neglect and not to reasonable cause. Petitioners filed with the district director of internal revenue, Lower Manhattan, New York, delinquent income tax returns for the taxable years 1949 and 1951 on January 25, 1955 and delinquent income tax returns for the taxable years 1952 and 1953 on January 20, 1955. No part of any of the deficiencies is due to fraud with intent to evade tax. At the trial of the case, respondent conceded the section 294(d)(2) additions to tax for the taxable years 1952 and 1953. Opinion At the close of the hearing, respondent moved for judgment as to the deficiencies on the ground that petitioner had failed to sustain his burden of proof in that respect. Petitioner *249 also moved for judgment as to the addition to tax for fraud on similar grounds. Both motions were granted since it was patent from the record on the one hand that fraud had not been shown by clear and convincing proof, and on the other, that there was no evidence to overcome the presumptive correctness of respondent's determination. The remaining additions to tax are also sustained except that, as respondent concedes, those under section 294(d)(2) may not be imposed for the years 1952 and 1953. . Decision will be entered under Rule 50.